

# Notice of Service of Process

null / ALL
Transmittal Number: 24669365
Date Processed: 03/25/2022

| | |
|---|---|
| Primary Contact: | Melissa Armstrong<br>Starbucks Corporation Legal Department<br>2401 Utah Ave. S., Suite 800<br>Seattle, WA 98134-1435 |
| Electronic copy provided to: | Regina Boyd |
| Entity: | Starbucks Coffee Company<br>Entity ID Number  0178010 |
| Entity Served: | Starbucks Coffee Company |
| Title of Action: | Harmony Mcqueen vs. Starbucks Coffee Company |
| Matter Name/ID: | Harmony Mcqueen vs. Starbucks Coffee Company (12131438) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Salt Lake County District Court, UT |
| Case/Reference No: | 22-0901805 1T |
| Jurisdiction Served: | Utah |
| Date Served on CSC: | 03/23/2022 |
| Answer or Appearance Due: | 21 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Carr Woodall, LLC<br>801-254-9450 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

S STATEWIDE

Date: 3-23
Time: 1:40

Jeff Cook, PI # A127551

Statewide Process Servers
PO BOX 845
West Jordan, UT 84084

K. BRADLEY CARR (14428)
CARR WOODALL, LLC
Attorney for Plaintiff
1309 W South Jordan Pkwy, Suite 200
South Jordan, Utah 84095
Telephone: (801) 254-9450
email: brad@carrwoodall.com

**If you do not respond to this document within applicable time limits, judgment could be entered against you as requested.**

## IN THE THIRD JUDICIAL DISTRICT COURT

## OF SALT LAKE COUNTY, UTAH

| | |
|---|---|
| HARMONY McQUEEN,<br>Plaintiff,<br>vs.<br>STARBUCKS COFFEE COMPANY,<br>Defendant. | SUMMONS<br><br>Case No. 22-0901805 IT<br>Judge Amber M. Mettler |

**THE STATE OF UTAH TO STARBUCKS COFFEE COMPANY** c/o Corporation Service Company 15 West South Temple Suite 600, Salt Lake City, Utah 84101:

A Complaint and Jury Demand has been filed in the above-entitled Court. You are hereby summoned and required to file a written Answer with the clerk of the court at 450 South State Street, Salt Lake City, Utah 84111 and to serve upon or mail to K. Bradley Carr a copy of said Answer within twenty-one days after service of this Summons upon you.

Should you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint, which has been filed with the Clerk of the Court.

DATED this 21 Day of March 2022.

/S/ K. Bradley Carr
K. BRADLEY CARR
Attorney for Plaintiff

K. BRADLEY CARR (14428)
CARR | WOODALL
Attorneys for Plaintiff
1309 West. South Jordan Parkway, Suite 200
South Jordan, Utah 84095
Telephone: (801) 254-9450
email: brad@carrwoodall.com

### IN THE THIRD JUDICIAL DISTRICT COURT
### OF SALT LAKE COUNTY, UTAH

| | |
|---|---|
| **HARMONY McQUEEN,**<br>Plaintiff,<br>vs.<br>**STARBUCKS COFFEE COMPANY,**<br>Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>**(TIER 3)**<br><br>Case No.<br>Judge |

Plaintiff brings this action against Defendant and alleges the following causes of action against Defendant and allege and seek relief as follow:

### JURISDICTION AND VENUE

1.  This action is of a civil nature. The Court has subject matter jurisdiction over this action and venue is appropriate pursuant to U.C.A. Sections 78A-5-102, 78B-3-205 and 78B-3-307.

2.  The Court has personal jurisdiction over Defendant because Defendant operates its business within the state of Utah. Venue is proper because all events took place within Salt Lake County.

3.  Pursuant to Rule 26 of the Utah Rules of Civil Procedure, Plaintiff elects to file this matter under Tier 3.

### THE PARTIES

4. Plaintiff, for all times material hereto, is a resident of Salt Lake County, Utah.

5. Defendant, for all times material hereto, has been operating a business in Salt Lake County.

## GENERAL ALLEGATIONS

6. Plaintiff, by and through reference, hereby incorporate all statements and allegations contained in the preceding paragraphs, as if fully set forth herein.

7. Defendant operates a Starbucks franchise at or near 2101 S State Street, South Salt Lake Utah 84115 ("The Franchise").

8. On April 11, 2019, Plaintiff went to the Franchise to transact business with Defendant. Specifically, she was there to purchase coffee.

9. Within a few seconds of drinking from the coffee cup provided by Defendant, Plaintiff felt a severe burning pain in her throat.

10. The manager of the Franchise indicated that Kay 5 Chlorine Cleanser had been added to Plaintiff's drink.

11. Plaintiff was an invitee when she sustained an injury caused by Defendant and it's employees. All references herein to Defendant include Defendant's employees.

12. Defendant is liable for the action, and inaction, of its employees.

13. Defendant breached duties owed to Plaintiff, an invitee, including but not limited to, the duty to sell a safe product, and the duty to comply with food and drink vender standards, violation of consumer protection laws.

14. Defendant's actions and resulted in a breach of these duties and are the direct and proximate cause of Plaintiff's serious injuries which she sustained.

15. Plaintiff is seeking to recover special and general damages, punitive damages, attorney fees and costs, pre and post judgment interest and all other and further relief as the Court deems proper.

16. Plaintiff's damages are ongoing. She is still being treated. Some of her injuries will likely never fully resolve. Additionally, she is at a heightened risk for esophageal cancer.

## FIRST CAUSE OF ACTION

### (Negligence)

17. Plaintiff incorporates Paragraphs 1- 10.

18. Defendant was negligent.

19. Defendant did not use reasonable care to avoid injuring others.

20. Defendant owed a duty to properly examine equipment and product and cleaning procedures to make sure the coffee was in a safe and suitable manner.

21. Defendant owed a duty to comply with local codes and regulations.

22. Defendant breached this duty when, instead of sweetener, Defendant added Kay 5 Chlorine Powder to her coffee.

23. This breach resulted in the actual and proximate cause of Plaintiff's injuries.

24. Plaintiff's injuries are ongoing. Moreover, it is anticipated that she will never fully recover.

## SECOND CAUSE OF ACTION

**(Gross Negligence)**

25. Plaintiff incorporates Paragraphs 1 through 16.

26. Defendant was grossly negligent by failing to observe even slight care in the process of cleaning equipment and then preparing a beverage for consumption.

27. Defendant was careless or reckless to a degree that shows indifference to the consequences.

28. It was reasonably foreseeable and likely that Plaintiff would be injured. Defendant was aware or should have been aware, through the exercise of reasonable prudence, that the process and manner with which equipment was serviced, cleaned then put back into beverage production would injure someone.

29. Defendant did not follow the most basic procedures to ensure safety to their invitees.

30. Defendant's actions reveal a blatant conscious disregard of their duty to Plaintiff.

31. Defendant's actions show show utter indifference to the consequences.

32. This breach resulted in the actual and proximate cause of Plaintiff's injuries, and Plaintiff's damages.

## THIRD CAUSE OF ACTION

### (Negligence Per Se)

33. Plaintiff incorporates Paragraphs 1 through 24.

34. Defendant violated safety laws of Utah Code Annotated known as 1R392-100 Food Service Sanitation Rule. "The purpose of this Code is to safeguard public health and provide to consumers food that is safe, unadulterated, and honestly presented." Defendant failed to obey or comply with these laws.

35. Defendant did not act with reasonable care under the circumstances.

36. Defendant violated safety standards set out in U.S. Food and Drug Administration's Food Code 2013.

37. Defendant violated this Code by failing to employ procedures necessary to ensure that chemicals are safely used. "POISONOUS OR TOXIC MATERIALS shall be stored so they cannot contaminate FOOD, EQUIPMENT". Defendant used a toxic material in an amount and method that constituted a recognizable hazard which caused Plaintiff serious physical harm.

38. Defendant is a "permit holder" as a food and beverage vendor. A PERMIT HOLDER "shall immediately discontinue operations and notify the REGULATORY AUTHORITY if an IMMINENT HEALTH HAZARD may exist because of a . . . . misuse of POISONOUS OR TOXIC MATERIALS."

39. The occurrence of this accident and the surrounding circumstances and behavior of defendant results in liability regardless of intent to harm.

40. These violations are a breach of duties owed to Plaintiff and resulted in the actual and proximate cause of Plaintiff' injuries and damages.

## FOURTH CAUSE OF ACTION

### (Negligent Inflection of Emotional Distress)

41. Plaintiff incorporates Paragraphs 1 through 32.

42. Defendant engaged in conduct that they should have realized involved a risk of causing emotional distress to others.

43. Defendant should have realized that the conduct could cause emotional distress that might result in illness or bodily harm.

44. Defendant's conduct unintentionally caused Plaintiff to sustain severe emotional distress.

45. There existed a high likelihood that the injury would be great.

46. With the exercise of reasonable care, it would have been simple to eliminate the risk.

47. These violations are a breach of duties owed to Plaintiff and resulted in the actual and proximate cause of Plaintiff' injuries and damages.

## FIFTH CAUSE OF ACTION

### (Res Ipsa Loquitur)

48. Plaintiff incorporates Paragraphs 1 through 39.

49. The process of maintaining equipment, preparing and serving coffee was under the exclusive control of Defendant.

50. The dangerous condition created was within Defendant' exclusive control.

51. Defendant had a statutory duty to deliver a product safe for consumption.

52. The occurrence of this accident and the surrounding circumstances, the principle of common sense, and the conduct to safely operate the equipment, created the circumstances that caused the injuries.

53. The occurrence of this accident does not happen absent negligence.

54. But for Defendant' actions this injury would not have happened.

55. This breach resulted in the actual and proximate cause of Plaintiff' injuries and damages.

## SIXTH CAUSE OF ACTION

### (Respondeat Superior - Vicarious Liability)

56. Plaintiff incorporates Paragraphs 1 through 46.

57. The manager and other employees breached duties owed to Plaintiff. Their acts or failure to act makes Defendant liable for their conduct.

58. This breach resulted in the actual and proximate cause of Plaintiff's injuries and damages.

## DAMAGES

59. Plaintiff incorporates Paragraphs 1 through 54.

60. All as a direct and proximate result of Defendant' conduct, Plaintiff suffered special and general damages, including but not limited to:

    a. serious bodily and emotional injury, pain and suffering, social engagement, and emotional distress,

    b. lost wages

    c. past medical expenses,

    d. future medical expenses,

    e. attorney's fees and costs,

    f. interest expenses,

    g. creditors' fees and charges,

    h. all other damages allowed by law and determined by this Court to be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the judgment, order and decree of this Court be as follows:

1. That judgment be entered in favor of the Plaintiff and against the Defendant in an amount determined at trial, or, in the event of Defendant's default, for $10,000,000.00.

2. That the Plaintiff be awarded all damages, special and general, that are fair and just, in an amount supported by the allegations in this complaint, including but not limited to all amounts permitted pursuant to Utah's Statutes, and the evidence adduced at trial,

3. For punitive damages,

4. For pre and post judgment interest as allowed by Utah Code Annotated,

5. Attorney fees and costs, and

6. For such other and further relief as the Court deems just and proper.

7. Plaintiff demands trial by jury.

Pursuant to Utah Rules of Civil Procedure 8(a) and 26(c)(3), this matter falls under Tier 3 and should be permitted discovery pursuant to Tier 3.

DATED this 21 day of March 2022.

/S/ K. Bradley Carr
Attorney for Plaintiff